# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN B. BEARS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-16-111-SPS |

## OPINION AND ORDER AWARDING
## ATTORNEYS' FEES TO THE PLAINTIFF UNDER THE EAJA

The Plaintiff was the prevailing party in this appeal of the Commissioner of the Social Security Administration's decision denying benefits under the Social Security Act. He seeks attorneys' fees and costs in the amount of $5,578.90 under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. *See* Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act [Docket No. 22]. The Commissioner objects and urges the Court to deny the request or award a lesser amount. For the reasons set forth below, the Court concludes that the Plaintiff should be awarded a reduced amount of attorney's fees and costs under the EAJA as the prevailing party herein.

The Commissioner's response to Plaintiff's request for fees under the EAJA challenges the hours billed by Plaintiff's counsel and argues that any attorney's fees awarded under the EAJA should be reduced from the amount requested by the Plaintiff.

On appeal, the Plaintiff asserted that the ALJ improperly erred in his assessment of the Plaintiff's mental impairments, and further failed to account for his hand and elbow impairments.

The Commissioner contends that individual amounts billed by the Plaintiff's attorney were unnecessary and excessive and that the amount of any award under the EAJA should be reduced accordingly. The Court agrees, and finds that the amount of attorneys' fees and costs sought by the Plaintiff should be reduced to $4,728.50. Plaintiff's counsel has submitted billing records indicating that he has expended 28.9 hours on the Plaintiff's appeal before this Court. The Commissioner argues that this amount is not reasonable.[1] *See, e. g., Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court . . . should exclude from this initial fee calculation hours that were not 'reasonably expended.' . . . Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary[.]"). Specifically, the Commissioner takes issue with counsel's billing records for 26.5 hours in 2016 solely devoted to the opening brief. The Commissioner noted that the administrative record was of average length, and also pointed out that five pages of the fifteen-page Opening Brief were lengthy copied excerpts from the administrative transcript. Additionally, the Commissioner asserts that the substantive

---

[1] The hourly rates sought by the Plaintiff are in line with those prescribed by the Commissioner, *i. e.*, $193/hour in 2016, and $196/hour in 2017, and there is no contention by the Commissioner that they are unreasonable in this case. *See* Docket No. 22, Ex. 1; *Hospice Center of Southeastern Oklahoma, Inc. v. Sebelius*, 2013 WL 2007315, at *1 n.1 (E.D. Okla. May 13, 2013) ("The court takes judicial notice that the office of General Counsel, Region VI of the Social Security Administration has provided hourly rates consistent with the yearly average CPI-U.").

issues briefed were not complex, and requests that the total hours for preparing the opening brief should be reduced from 26.5, for a total hourly award of 20.0 hours. The Court agrees that a reduction is in order.

In this Circuit, typical social security appeals require, on average, twenty to forty total hours of attorney time, and the total time reflected here, 28.9 hours, is not out of that range. *See, e. g.*, *Nave v. Barnhart*, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) ("[T]he typical number of hours claimed in EAJA applications in 'straightforward' disability cases is between thirty and forty[;]" collecting cases). However, the Court also finds nothing in this case to differentiate it from the usual work required in the average case. The Plaintiff raised two common errors on appeal, as described above. Nevertheless, it is still up to the Court to make a determination as to the reasonableness of the total fee request, specifically as to "whether the hours spent representing the Plaintiff were 'reasonably expended.'" *Truelove v. Colvin*, 2014 WL 36750, at *2 (D. Colo. Jan. 6, 2014), *citing Blum v. Stevenson*, 465 U.S. 886, 901 (1984) *and Hensley*, 461 U.S. at 437.

After a review of the arguments by the parties, as well as a review of the hours expended in light of the subject matter and difficulty of the Plaintiff's case, the Court therefore finds that 24.5 hours is a reasonable award for the work performed in this case, and that it shall be compensated at the hourly rate of $193, which is the 2016 hourly rate and the year counsel performed the bulk of the work in this case (billing 28.5 hours in 2016, out of the total 28.9 hours reported). *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986) ("There is no requirement, either in this court or

elsewhere, that district courts identify and justify each disallowed hour."). This results in a fee award of $4,728.50.

Accordingly, IT IS ORDERED that the Plaintiff's Application for an Award of Attorneys' Fees Under the Equal Access to Justice Act [Docket No. 22] is hereby GRANTED in part and that the Government is hereby ordered to pay attorneys' fees in the amount of $4,728.50 to the Plaintiff as the Prevailing party herein. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED** this 24th day of January, 2018.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma